IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 7:13-CV-113-BO

IN ADMIRALTY

| | |
|---|---|
| TERESA ANN COSTIN, Administrator for the Estate of LINWOOD NASH COSTIN, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| ALLY BANK CORP., | ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to remand this action to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1332 [DE 12] and on the plaintiff's motion to defer the briefing on the motion for costs [DE 15]. For the reasons stated herein, the plaintiff's motion to remand is DENIED and the plaintiff's motion to defer the briefing on the motion for costs is DENIED as moot. The matter may proceed in its entirety.

## BACKGROUND

Plaintiff, Teresa Ann Costin, is the daughter of decedent, Linwood Nash Costin. Defendant, Ally Bank, was the lienholder on a 2004 GMC Z71 truck (the "Vehicle") Mr. Costin owned. Mr. Costin made timely payments on the lien until February 2011, when he contacted defendant to request deferral of payments because of some financial difficulties he experienced. Defendant agreed to have Mr. Costin miss the March and April 2011 payments and Mr. Costin supplied a check for the interest on those two months. When defendant did not receive the May payment, it contacted Mr. Costin, indicating that the account was in default and the Vehicle

1

would be repossessed. Defendant informed Mr. Costin he would avoid repossession by wiring a $578.00 payment, which Mr. Costin did on the afternoon of June 7, 2011. However, the Vehicle was repossessed that evening. Plaintiff alleges Mr. Costin suffered a heart attack on June 9, 2011 as a result of the stress caused by the repossession of the Vehicle by defendant. Mr. Costin was hospitalized until June 24, 2011 and died on July 5, 2011.

This is the second filing of plaintiff's lawsuit. Plaintiff initially filed a complaint against defendant in Pender County Superior Court on July 5, 2012 (the "Original Action"). The factual allegations in the Original Action were substantially identical to those in this action. Defendant removed the Original Action to this Court on August 3, 2012. Defendant filed a Rule 12(b)(6) motion to dismiss all but one of plaintiff's claims. Plaintiff requested and received multiple extensions of time to respond, but, instead of responding in opposition to the motion, plaintiff filed an amended complaint without leave of the Court. Defendant moved to strike the amended complaint and plaintiff then filed a notice of voluntary dismissal without prejudice.

Plaintiff brought suit on April 17, 2013 alleging violations of Article 9 of the Uniform Commercial Code, and the North Carolina Debt Collection Practices Act; unfair and deceptive practices; breach of contract; negligent infliction of emotional distress; and intentional Infliction of emotional distress. This matter was originally filed in Pender County Superior Court. The defendant filed a timely notice of removal pursuant to 28 U.S.C. § 1447 on May 28, 2013 alleging that federal diversity jurisdiction exists. Plaintiff now seeks to have this matter remanded to state court.

On May 31, 2013 defendant filed a motion for payment of costs and to stay. Defendant filed this motion to recover costs from the Original Action that was voluntarily dismissed and to stay the present proceeding until plaintiff pays those costs pursuant to Rule 41(d) of the Federal

2

Case 7:13-cv-00113-BO   Document 19   Filed 09/10/13   Page 2 of 6

Rules of Civil Procedure. On June 27, 2013, plaintiff filed a motion to defer briefing on defendant's motion for payment of costs and to stay. Plaintiff seeks to have the briefing deferred until the Court rules on plaintiff's motion to remand.

## DISCUSSION

I.   PLAINTIFF'S MOTION TO REMAND.

An action is removable to federal court only if it could have been brought in federal court. 28 U.S.C. § 1441(a) (2012). A civil action may be brought in federal court "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a) (2012). The burden of establishing federal jurisdiction is on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, remand is necessary. *Id.*

Defendant contends that removal was proper based on this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff alleges that removal was improper because the amount in controversy does not exceed $75,000 thereby destroying diversity jurisdiction. The motion to remand should be denied if the Court finds, by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c) (2012). Although the amount in controversy is normally determined from the face of the pleadings, where no specific amount is alleged in the complaint, the Court may consider affidavits and other evidence outside of the complaint to determine amount in controversy. *See Aerial Images, Inc. v. Anderson*, 5:99-CV-320-BO(3), 2000 WL 33682689 at \*2 (E.D.N.C. Feb. 21, 2000) (noting the Court will make its determination based on the record). The Court may also use its judicial experience and common sense. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). In determining the

3

amount in controversy, the merits of the claim are not considered. *Candor Hosiery Mills, Inc. v. Int'l Networking Group, Inc.*, 35 F. Supp. 2d 476, 479 n.2 (M.D.N.C. 1998).

Plaintiff's complaint does not specify the amount of damages sought. The only claim for which plaintiff has specified an amount of damages sought is her claim for violations of Article 9 of North Carolina's Uniform Commercial Code. She asserts that the maximum recovery on this claim would be in the amount of $9,402.04. However, multiple other losses have been alleged and plaintiff's non-valued claims could easily result in a recovery of more than $75,000. By opposing this Court's jurisdiction but refusing to specifically value the remaining claims in her complaint, plaintiff seeks to return to state court while avoiding placing a cap on her potential recovery.

Plaintiff's claim of intentional or negligent infliction of emotional distress alone is sufficient to take the amount in controversy well beyond the $75,000 threshold. Plaintiff alleges that defendant's actions caused severe and disabling emotional distress to Mr. Costin and caused Mr. Costin to suffer a heart attack. She claims entitlements to damages for the infliction of emotional distress as well as compensation for Mr. Costin's medical expenses and mental suffering. Citing several decisions, defendant notes that courts have routinely found personal injury claims, alleging less harm than plaintiff alleges, have an amount in controversy exceeding $75,000. Defendant looks to data from the Centers for Medicare & Medicaid Services to determine the costs of a hospitalization for a heart attack in North Carolina ($31,268.43), notes the other costs associated with a heart attack including ambulance services, cardiologists, anesthesiologists and other doctors not employed by the hospital, and arrives at a special cost figure that reaches well into the tens of thousands at minimum. Conservatively estimating special damages at $50,000 and conservatively estimating general damages for mental suffering and

4

emotional distress at two times the special damages, defendant estimates a total amount in controversy of $150,000 for this claim alone. Defendant also values each of the remaining claims based on research and a realistic expectation of results.

Defendant values plaintiff's breach of contract claim at $1300. Defendant arrived at this value by adding the claimed $500 in stolen property to the replacement vehicle rental cost for the 14 days Mr. Costin is alleged to have lost the use of the Vehicle. Defendant values plaintiff's claim for unfair and deceptive trade practices at a minimum of $40,000. Plaintiff seeks $10,000 in damages and seeks to have these damages trebled. Additionally she seeks attorney's fees, a reasonable approximation of which is $10,000. These are properly included in determining the amount in controversy. *Aerial Images, Inc.* at * 2 n.2. Defendant values plaintiff's claim for three violations of the Unfair Debt Collection Practices Act to be $12,000. This is based on up to $4,000 in statutory damages per each violation in addition to actual damages. Finally there is plaintiff's stated claim for $9,402.04 for violations of Article 9 of North Carolina's Uniform Commercial Code.

All told, the value of plaintiff's claims exceeds $200,000. Defendant has carried its burden of supporting this Court's jurisdiction by a preponderance of the evidence. Accordingly plaintiff's motion to remand is denied.

II.  PLAINTIFF'S MOTION TO DEFER BRIEFING ON THE MOTION FOR COSTS.

Plaintiff's motion to defer briefing on the motion for costs has been mooted by this order. The motion is, accordingly, denied as moot.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to remand is DENIED; and plaintiff's motion to defer briefing on the motion for costs is DENIED. Parties are ORDERED to proceed in briefing the motion for payment of costs. The matter may proceed in its entirety.


SO ORDERED.

This the __9__ day of September, 2013.


TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE