IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 7:13-CV-113-BO

IN ADMIRALTY

| | |
|---|---|
| TERESA ANN COSTIN, Administrator for the Estate of LINWOOD NASH COSTIN, deceased, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| ALLY BANK CORP., | ) |
| Defendants. | ) |

This matter is before the Court on the defendant's motion for payment of costs and to stay [DE 7]. For the reasons stated herein, the defendant's motion is DENIED. The matter may proceed in its entirety.

## BACKGROUND

This is the second filing of plaintiff's lawsuit. Plaintiff initially filed a complaint against defendant in Pender County Superior Court on July 5, 2012 (the "Original Action"). The factual allegations in the Original Action were substantially identical to those in this action. Defendant removed the Original Action to this Court on August 3, 2012. Defendant filed a Rule 12(b)(6) motion to dismiss all but one of plaintiff's claims. Plaintiff requested and received multiple extensions of time to respond, but, instead of responding in opposition to the motion, plaintiff filed an amended complaint without leave of the Court. Defendant moved to strike the amended complaint and plaintiff then filed a notice of voluntary dismissal without prejudice.

1

Plaintiff brought suit on April 17, 2013 alleging violations of Article 9 of the Uniform Commercial Code, and the North Carolina Debt Collection Practices Act; unfair and deceptive practices; breach of contract; negligent infliction of emotional distress; and intentional Infliction of emotional distress. This matter was originally filed in Pender County Superior Court. The defendant filed a timely notice of removal pursuant to 28 U.S.C. § 1447 on May 28, 2013 alleging that federal diversity jurisdiction exists.

On May 31, 2013 defendant filed a motion for payment of costs and to stay. Defendant filed this motion to recover costs from the Original Action that was voluntarily dismissed and to stay the present proceeding until plaintiff pays those costs pursuant to Rule 41(d) of the Federal Rules of Civil Procedure.

## DISCUSSION

"If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court... may order the plaintiff to pay all or part of the costs of that previous action." FED. R. CIV. P. 41(d). "Rule 41(d) serves the remedial purpose of preventing 'vexatious litigation' and forum shopping, including 'attempts to gain any tactical advantage by dismissing and refilling [the] suit.'" *TM, LLC v. Anderson*, 2012 WL 4483180 at *8 (E.D.N.C. Sept. 27, 2012). "Whether to award costs pursuant to Rule 41(d) is within the sound discretion of the trial court." *Id.* at *7.

In this case, the dismissal of the first lawsuit was not done in order to forum shop or gain a tactical advantage. Plaintiff dismissed the first lawsuit and then refiled the current lawsuit after adding and amending the factual allegations in an attempt to strengthen the case before facing the federal pleading standard. It is clear the plaintiff was not attempting to engage in the

2

"vexatious litigation" about which Rule 41(d) is concerned. Accordingly, this Court finds no reason to award payment of costs and plaintiff's motion is denied.

## CONCLUSION

For the foregoing reasons, the defendant's motion for payment of costs is DENIED. The matter may proceed in its entirety.

SO ORDERED.

This the 10 day of October, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3